**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Theresa J. Bright, | ) | No. CV 11-08164-PCT-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Cottonwood-Oak Creek School District, et al., | ) | |
| Defendants. | ) | |

The court has before it defendants' motion for summary judgment (doc. 32), plaintiff's response (doc. 36), and defendants' reply (doc. 39). We also have before us the parties' stipulation to extend the deadline for defendants to file a reply brief, which we grant (doc. 38).

**I**

Plaintiff Theresa Bright was employed by defendant Cottonwood-Oak Creek School District ("District") in various capacities from 1992 until May 2010 when her employment ended as part of a reduction in force. In 2007, she was transferred from a computer technician position to a technology training position where she trained District staff on the use of computers and software. In 2009, the District determined that it could no longer afford to offer the 12-month training program, and plaintiff was transferred to a 10-month computer lab specialist position where she worked during the 2009-2010 school year.

On July 20, 2009, plaintiff filed a formal charge of discrimination with the Arizona Civil Rights Division ("ACRD"), alleging that she was discriminated against when she was

transferred to the 10-month computer lab position ("2009 ACRD charge"). DSOF, ex. 3. The ACRD dismissed the charge on May 13, 2010.

Meanwhile, in the Spring of 2010, the District decided to replace non-certified computer lab personnel with certified computer teachers. Because plaintiff and two other computer lab technicians were not certified teachers, their contracts were not renewed.[1] Plaintiff's employment ended on May 25, 2010 when her contract expired.

After her termination, plaintiff applied for six positions within the District without success. On September 14, 2010, she filed a second formal charge of discrimination with the ACRD ("2010 ACRD charge") claiming that the District's failure to rehire her was in retaliation for the 2009 ACRD charge. DSOF ex. 16. In September 2010, four months after her termination, plaintiff was hired by the Mingus Union High School District in Cottonwood where she continues to work at approximately the same salary that she had been earning.

Plaintiff filed this action on October 24, 2011, alleging that the District's failure to re-hire her for one of the six positions was unlawful retaliation in violation of both Title VII and the Arizona Civil Rights Act.[2] The District now moves for summary judgment on both claims.

**II**

We first clarify the issue before us. Plaintiff's claim is based on the 2010 ACRD discrimination charge only. See DSOF ex. 16. She did not file an action based on the 2009 ACRD charge and the time for doing so has long since expired. See 42 U.S.C. § 2000e-5(f)(1) (action must be filed within 90 days of obtaining an EEOC right-to-sue letter). Allegations contained in the 2009 charge are time-barred. Therefore, we look to the 2010 ACRD charge to identify the issues presented in this action. See Gannon v. Potter, 298 Fed.

---

[1] Plaintiff does not contend that the District's decision to hire certified computer teachers violated her legal rights.

[2] The Arizona Civil Rights Act is patterned after Title VII and federal case law is persuasive in applying the ACRA. Higdon v. Evergreen Int'l Airlines, Inc., 138 Ariz. 163, 165 n.3, 673 P.2d 907, 909 n.3 (1983). Therefore, we will analyze plaintiff's federal and state law claims together.

- 2 -

Appx. 623, 624 (9th Cir. 2008) (holding that the scope of a Title VII action depends on the scope of the EEOC charge).

The only claim asserted in the 2010 ACRD charge is that the District unlawfully retaliated against plaintiff when it failed to hire her for any of the six positions for which she applied after her termination. DSOF, ex. 16. That claim is further narrowed by the parties' briefing on this motion. Although plaintiff alleged in her complaint that the District wrongfully failed to hire her for multiple positions, she only challenges the District's decision with respect to a librarian position in her opposition to the District's motion for summary judgment. Therefore, the issue before us is limited to whether the District wrongfully retaliated against plaintiff when it failed to hire her for the librarian position.

### III

In order to establish a prima facie retaliation claim, plaintiff must show that (1) she engaged in a protected activity, (2) she was subjected to an adverse employment action, and (3) a causal link exists between the protected activity and the adverse action. Dawson v. Entek Int'l, 630 F.3d 928, 936 (9th Cir. 2011). If the plaintiff establishes a prima facie case, the burden shifts to the defendant to offer evidence that the challenged action was taken for legitimate, nondiscriminatory reasons. Fonseca v. Sysco Food Servs. of Ariz. Inc., 374 F.3d 840, 849 (9th Cir. 2004). If the employer articulates a legitimate reason for its action, the plaintiff then bears the burden of demonstrating that the proffered reason is pretext for unlawful discrimination. Dawson, 630 F.3d at 936.

It is undisputed that plaintiff has satisfied the first two prongs of a prima facie case. She engaged in a protected activity when she filed a discrimination charge with the ACRD in late July 2009, and she suffered an adverse employment action when the District chose not to hire her for the librarian position. Therefore we consider whether plaintiff has shown a causal link between plaintiff's protected activity and the adverse action.

The causal link may be inferred from circumstantial evidence such as the employer's knowledge of the protected activities and the proximity in time between the protected activity and the adverse action. Id. at 937. However, when relying on temporal proximity between protected activity and adverse action for sufficient causality, the temporal proximity must be

"very close." Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273, 121 S. Ct. 1508, 1511 (2001).

The District argues that the passage of almost one year between plaintiff's 2009 ACRD charge and the District's decision in June 2010 not to hire her for the librarian position "dispels any notion of a 'causal link' between the two events." MSJ at 8. However, during this time, plaintiff was under contract with the District through May 25, 2010. The adverse employment action occurred within a month after plaintiff's contract expired. We conclude that, under the circumstances of this case, this is sufficient to satisfy the minimal showing necessary to establish a prima facie case. See Emeldi v. Univ. of Or., 673 F.3d 1218, 1223 (9th Cir. 2012).

In support of its burden to proffer a legitimate, non-discriminatory reason for its decision, the District explains that it selected Barbara Amato over plaintiff for the librarian position because on balance Ms. Amato's qualifications and capabilities seemed better suited to the position, and because Ms. Amato was working toward a college degree. DSOF ¶ 26-27. The burden thus shifts to plaintiff to "show that the reason is pretextual either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Emeldi, 673 F.3d at 1224 (citation omitted).

Plaintiff does not offer any direct evidence that the District retaliated against her because of her discrimination complaint. Instead, her claim of pretext is based entirely on circumstantial evidence, which "must be specific and substantial" for her claims to survive summary judgment. Cornwall v. Electra Cent. Credit Union, 439 F.3d 1018, 1029 (9th Cir. 2006) (quotation omitted).

Plaintiff argues that the District's explanation is pretextual because (1) the District's portrayal of Ms. Amato's hiring as an "internal transfer" was wrong and therefore not credible, (2) she was better qualified than Ms. Amato for the librarian position, and (3) the District lacked a coherent policy and process for handling internal discrimination and had no anti-retaliation policy in place. Response at 10.

The District represented to the ACRD that the librarian position was filled by Ms.

Amato, an "internal transfer." PSOF, ex. Q. However, plaintiff contends that Ms. Amato had in fact been laid off by the District at the time she was hired for the librarian position. According to plaintiff, the District's explanation was wrong and therefore not credible. We disagree.

The District stated that it filled the librarian position with an "internal transfer." Id. It also explained that it selected Ms. Amato because her qualifications were better suited for the position and because she was working toward a degree. DSOF ¶¶ 26-27. These proffered explanations are not internally inconsistent. We will not infer pretext when an employer advances two different, but not inconsistent, reasons for its decision. Aragon v. Republic Silver State Disposal, Inc., 292 F.3d 654, 661-62 (9th Cir. 2002). Even if the District was wrong when it described Ms. Amato as an "internal transfer," this does not support a finding of pretext. "[C]ourts only require that an employer honestly believed its reason for its actions, even if its reason is foolish or trivial or even baseless." Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1063 (9th Cir. 2002) (citation and quotation omitted). There is no evidence to suggest that the District was lying or otherwise hiding unlawful retaliation when it described Ms. Amato as an internal transfer.

Plaintiff also argues that "there is little doubt that [she] was the superior candidate, based on qualifications, length of service with the District and technical skills and knowledge for the librarian position." Response at 7. However, there is no evidence that seniority was a relevant consideration in filling the librarian position. Moreover, an employee's subjective personal judgment of her own competence does not raise a genuine issue of material fact of pretext. Cornwall, 439 F.3d at 1028 n.6. Plaintiff has submitted no evidence to support her claim that she was more qualified.

Finally, plaintiff's argument that the District "lacked coherent anti-discrimination policies" is inaccurate and irrelevant. The District submitted evidence that it in fact has written policies prohibiting sex discrimination and retaliation PSOF, ex. F at 28; ex. M. Plaintiff's argument is not evidence of pretext.

We conclude that plaintiff failed to produce any evidence from which a reasonable jury could conclude that the District's proffered reason for the adverse employment action

1  was pretext for unlawful retaliation.

## IV

IT IS ORDERED GRANTING the District's motion for summary judgment (doc. 32). IT IS FURTHER ORDERED GRANTING the parties' stipulation for extension of time (doc. 38). The clerk shall enter final judgment.

DATED this 18th day of January, 2013.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge